UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERWIN BURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-43 |
| | § | |
| ALBERT LEAL, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983. In this action, Plaintiff Erwin Burley complains of violations of his constitutional rights which allegedly occurred in connection with his state court investigation, prosecution and felony conviction for which he is currently confined. Plaintiff's excessive force claim should be dismissed as barred by limitations. Plaintiff's remaining claims should be dismissed as not cognizable pursuant to the *Heck v. Humphrey* doctrine because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint

---

[1] Plaintiff, in a separate action before this Court, has also filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of the same state court conviction. *See* 2:13-cv-215.

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims against the named defendants be dismissed for failure to state a cognizable § 1983 claim and/or frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). This recommendation is set forth in greater detail below.

**I.      Jurisdiction.**

Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II.     Background facts and Plaintiff's allegations.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Allred Unit in Iowa Park, Texas. (D.E. 1). He filed this lawsuit on February 7, 2014, and named as defendants the following Corpus Christi Police Department (CCPD) officers, a state prosecutor and a forensic scientist: (1) Albert Leal, CCPD; (2) William Livingston, CCPD; (3) Lt. D. Mercing, CCPD; (4) Josh Swain, CCPD; (5) Shawn Orsak, CCPD; (6)

Doug Mann, Nueces County District Attorney's Office, prosecutor; (7) Amy Arellano, Texas Department of Public Safety, forensic scientist; and (8) J. Ghezzi, CCPD. (D.E. 1). Plaintiff filed a motion to amend his complaint on March 10, 2014, and he attached an amended complaint. (D.E. 16). The Court granted Plaintiff's motion to amend. *See docket entry for* March 17, 2014. The amended complaint names the same defendants. (D.E. 16-2). On April 3, 2014, Plaintiff filed a supplement to his complaint with attachments. (D.E. 17). Plaintiff's Amended Complaint and attachments were considered in making this recommendation.

A *Spears*[2] hearing was conducted on March 17, 2014. The following allegations were made at the hearing or in Plaintiff's original complaint (D.E.1), Plaintiff's amended complaint (D.E. 16-2), Plaintiff's Supplement (D.E. 17) or the respective attachments.

On August 12, 2010, at approximately 8:40 p.m., police officers executed a search warrant at an apartment in Corpus Christi, Texas. Plaintiff Erwin Burley was found inside the residence along with Jacob Cibrian and Ricardo Mesa-Herrera a.k.a. Mesa-Harrison. Officers found a bag containing cocaine and marihuana on the living room floor. Mr. Mesa-Herrera identified Plaintiff Burley as "the keeper of the apartment" and "the one selling drugs from the apartment." (D.E. 17 p. 30). Plaintiff Burley and Cibrian denied their involvement in drug dealing. *Id.*

Plaintiff was charged with possessing one gram or more, but less than four grams of cocaine in a drug free zone, in Criminal Cause Number 10002645-D, in the 105th

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

District Court of Nueces County, Texas. The factual and procedural background and Plaintiff's state appellate claims are set forth in detail in *Burley v. State*, No.13-11-00582-CR, 2012 WL 3792114 (Tex. App.-Corpus Christi Aug. 31, 2012, pet. ref'd)(mem. op., not designated for publication). On September 13, 2011, Plaintiff was convicted and sentenced by a jury to fourteen years confinement. *Burley*, 2012 WL 3792114, at *1. Plaintiff's conviction was affirmed on appeal. *Id.*

Plaintiff alleges in Part V, Statement of Claim, in his Amended Complaint as follows:

> I was arrested I think upon information and belief my arrest was a case of mistaken identity. This happened in Nueces County at 1430 16th Street Corpus Christi, Texas 78421. Each defendant was personally involved in the illegal proceedings after arrest, aggravated perjury, tampering with evidence, tampering with a government record, fraud and violated clearly established constitutional law resulting in violations of due process of law depriving plaintiff of liberty and submitted false mitimus (sic) paper to TDCJ resulting in harsher sentence.

Plaintiff makes a similar, but slightly different claim in a document docketed "Supplement to Complaint." (D.E. 17). Attached to the Supplement is another completed form to be used by prisoners filing civil rights complaints. (D.E. 17-1). Plaintiff wrote at the top of the form "Supplemental Complaint." Plaintiff alleges in Part V, Statement of Claim, in his Supplemental Complaint as follows:

> I was arrested on 12th day of August 2010 for possession of cocaine w/intent to deliver in Nueces County Corpus Christi, Texas at 1430 16th Street. Each defendant was personally involved by not following proper procedure in the arrest and

> especially after the arrest by not following (1) policy and procedure in documentation of events concerning how papers and records were created due to incompetence, negligence and malice and (2) act of excessive force (3) official misconduct.

(D.E. 17-1, p. 4).

Plaintiff, while framing his complaint as an allegation that the defendant's failed to use proper procedure, essentially alleges that he is actually innocent and that he was wrongfully arrested, prosecuted and convicted of possessing cocaine. However, he also raises for the first time in the "Supplemental Complaint" that defendant Albert Leal, CCPD used excessive force when he arrested Plaintiff. (D.E. 17-1, p.3-4).

In his motion to amend his complaint, Plaintiff alleges:

> Burley had no cocaine in his possession. Plaintiff asserts that he is being deprived of his liberty without due process of law or due course of law in violation of the due process clause of the 14th Amendment.

(D.E. 16 p. 9).

Plaintiff alleges in the instant action that the procedures used by various state actors during and after his arrest "were not in accord with proper procedure and that multiple procedural challenges exist which has (sic) violated civil rights of Plaintiff." (D.E. 17 at 5). Plaintiff states that he "[r]eserves the right to argue that he is being held in violation of the Constitution of the United States and the Texas Constitution." Plaintiff in fact maintains that he is being falsely imprisoned as a result of his conviction. (D.E. 16 p. 8). Plaintiff appears to challenge evidence at the criminal trial that he was residing at the

location where the drugs were seized and claims to have been harmed because his correct address was listed on his driver's license and voter registration card. (D.E. 17, p. 8-9). Plaintiff complains about police procedures for taking crime scene photographs (D.E. 17, p. 12), the accuracy of the laboratory results (D.E. 17, p. 12), the procedure used by the canine handler (D.E. 17, p. 16) and that he was subjected to excessive force during his arrest (D.E. 17, p. 18). Finally, Plaintiff claims, while not articulating clearly, that Defendants' failure to follow unspecified procedures has adversely affected his eligibility to be released on parole. (D.E. 17, p 21). Plaintiff's civil action was not construed as a habeas petition because Plaintiff currently has a habeas petition pending before this court in civil action 2:13-cv-215 and Plaintiff has shown an ability to represent himself with competence in both cases.

### III. DISCUSSION.

#### A. Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The

complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

  **B.**  **Analysis.**

    **1.**  **Plaintiff's civil claims are not cognizable because a judgment in his favor would imply the invalidity of his underlying conviction.**

With the exception of Plaintiff's excessive force claim, Plaintiff is challenging the police procedures, evidence and investigative techniques used in the criminal investigation and prosecution of Plaintiff in Criminal Cause Number 10002645-D, in the 105th District Court of Nueces County, Texas.

In *Preiser v. Rodriguez*, the Supreme Court addressed the distinction between prisoner constitutional claims arising under 42 U.S.C. § 1983, and those arising under 28 U.S.C. § 2254, and set forth the undisputed proposition that a state prisoner may not use § 1983 "to challeng[e] his underlying conviction and sentence on federal constitutional grounds." *Id.*, 411 U.S. 475, 489 (1973). Thereafter, in *Heck v. Humphrey*, the Court addressed § 1983 actions seeking damages based on claims of unconstitutional confinement, and concluded that a complaint must be dismissed where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on

> direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck* at 486-87. More recently, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court found cognizable under § 1983 a claim challenging the state procedures used to deny parole eligibility and parole suitability, because "success would not necessarily spell immediate or speedier release for the prisoner." *Wilkinson*, 544 U.S. at 82. The Court explained that, " ... a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.*, at 81-82.

In this case, a ruling in Plaintiff's favor on all of the claims except Plaintiff's excessive force claims, pled against the various defendants "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's conviction for possession of cocaine, his claims that the methods and procedure used in his criminal investigation and prosecution are barred by *Heck*. Accordingly, Plaintiff's claims challenging the procedures used in the investigation and prosecution of his criminal case should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996) ( *Heck*-barred claim is legally frivolous).

## 2. Plaintiff's excessive force claim is barred by limitations.

Plaintiff is also suing Defendant Albert Leal for an alleged incident of excessive force that occurred on August 10, 2010. Plaintiff alleges that defendant Leal unnecessarily knocked Plaintiff to the ground and thereafter unnecessarily placed his knee on Plaintiff's neck causing Plaintiff pain. Plaintiff executed his Original Complaint on February 7, 2014, over forty-two (42) months after the alleged excessive force. (D.E. 17-1, p. 4).

The limitations period for a claim brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002) ("a person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues"); *Piotrowski*, 237 F.3d at 576 (noting Texas has a two year statute of limitations and § 1983 claims must be brought not later than two years after the date the cause of action accrues).

Although state law governs the substantive limitations period, federal law determines when a § 1983 claim accrues. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir.2002). A § 1983 claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992). Further, regarding tolling under *Heck,* the Fifth Circuit has specifically found that excessive force and illegal search claims are not tolled during the pendency of a criminal proceeding. *Price v. City of San Antonio*, 431 F.3d 890 (5th Cir.2005).

In this case, Plaintiff's excessive force claim against defendant Albert Leal accrued on the date of the alleged excessive force: August 12, 2010. He thus had two years from that date to file his lawsuit, that is, until August 12, 2012. His complaint, filed on February 7, 2014, is approximately a year and a half too late, and is barred by limitations.

### IV. Recommendation.

Plaintiff has failed to state a claim upon which relief can be granted under § 1983. Plaintiff's excessive force claim is barred by limitations. His claim that the defendants violated his constitutional rights during the investigation and prosecution of his criminal case is a direct challenge to those proceedings and the lawfulness of his conviction, and as such, are not cognizable unless and until Plaintiff can demonstrate that his conviction or sentence has been set aside or vacated. *Heck* 512 U.S. at 486-87. Plaintiff's underlying conviction has not been called into question by any court. Thus, it is respectfully recommended that the Court find that Plaintiff has failed to state cognizable constitutional claims against defendants and/or that his claims are frivolous, and that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Respectfully submitted this 14th day of April, 2014.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).