UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERWIN BURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-43 |
| | § | |
| ALBERT LEAL, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's § 1983 complaint. D.E. 1. On April 14, 2014 United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that Plaintiff's claims be dismissed. D.E. 18. On June 2, 2014, Plaintiff filed his objections. D.E. 24. Plaintiff's objections are set out and discussed below.

First, Plaintiff objects to the Memorandum and Recommendation on the ground that he did not consent to having the Magistrate Judge make a recommendation about the disposition of his claim. However, Plaintiff's consent is not required for the procedure invoked here. The Federal Magistrates Act authorizes district judges to "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . of applications for [post-trial] relief made by individuals convicted of criminal offenses . . . ." 28 U.S.C. § 636(b)(1)(B). The consent of the parties is not required. *See* FED R. CIV. P. 72(b)(1). The district judge may accept, reject, or modify the magistrate's recommendation after

giving a petitioner an opportunity to object. 28 U.S.C. § 636(b)(1)(C). Plaintiff's objections to the Magistrate Judge's Memorandum and Recommendation are now before the District Judge for de novo review, and this Court is making the dispositive ruling. Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff states that he challenges the procedures used by various state actors during and after his arrest as well as "the procedures used to make a determination concerning [the] legitimacy of [five] year [parole] eligibility requirement" resulting from the convicting court's finding that the crime at issue was committed in a school zone. D.E. 24, p. 12. Ultimately, however, the sum and substance of Plaintiff's argument is that he is actually innocent of the crime for which he was arrested, prosecuted, and convicted.

Supreme Court precedent makes clear that state prisoners cannot use § 1983 to challenge an underlying conviction and sentence on federal constitutional grounds. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Indeed, a complaint must be dismissed when a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The only way around this bar is for a plaintiff to prove that the conviction or sentence he complains of has been reversed, expunged, or invalidated by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

In his objections, Plaintiff asserts that "this action does not vitiate the legality of [a] not previously invalidated state confinement" (D.E. 24, p. 11); however, because the gravamen of the complaint is that the underlying conviction was so rife with police and

prosecutorial misconduct that its enforcement constitutes an egregious miscarriage of justice, to find in Plaintiff's favor would indeed call into question the legality of the underlying arrest, prosecution, and conviction. Such a result is squarely precluded by *Heck*. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects on the basis that the *Spears* hearing held by the Magistrate Judge was conducted via telephone and not in person or via video conference. D.E. 24, p. 12. Plaintiff argues that the telephone conference did not allow him to present documentary evidence, but he does not identify any evidence that he was prevented from offering.

A *Spears* hearing is not a legal requirement; it is an evidentiary hearing that a magistrate *may conduct if needed* to flesh out the substance of a prisoner's claims. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) (citing *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985)) (emphasis added). Because a *Spears* hearing is not a constitutional requirement, it cannot establish a basis for relief under § 1983. Moreover, given that magistrate judges are afforded discretion to determine whether or not to conduct a *Spears* hearing at all, the Magistrate Judge in this case acted within his discretion in deciding to conduct the *Spears* hearing in the manner he deemed most appropriate.[1] Finally, Plaintiff has not offered any evidence to show or pleaded facts sufficient to infer that he was prejudiced by the telephone hearing, Accordingly, Plaintiff's third objection is **OVERRULED**.

---

[1] *See e.g., Jones v. University of Texas Medical Branch Hosp. Galveston*, 236 Fed. Appx. 931, 933 (5th Cir. 2007) (finding no error in the district court's decision to use a questionnaire instead of a *Spears* hearing when the Plaintiff failed to show that the district court's chosen method prevented him from adequately presenting his claims).

Finally, Plaintiff dedicates the majority of his objections to reurging most of the arguments in his complaint.[2] As discussed above, Plaintiff's arguments concerning alleged procedural errors in his arrest, prosecution, and conviction boil down to his contention that he is actually innocent of possessing cocaine in a drug free zone. Because a ruling in his favor would necessarily imply the invalidity of his conviction or sentence and no authorized court has invalidated Plaintiff's conviction, *Heck* requires dismissal. *Heck*, 512 U.S. at 486-87. The relief Plaintiff seeks is not available through a § 1983 action. To the extent that he continues to urge that it is, the objection is **OVERRUELD**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's complaint (D.E. 1) is **DISMISSED**.

ORDERED this 23rd day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not reurge his excessive force claims.